UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CEDRIC ROMERO BOOKER,<br><br>Defendant. | CASE NO. 3:06-cr-05421-RBL<br><br>**ORDER OF DETENTION PENDING HEARING ON REVOCATION OF SUPERVISED RELEASE** |

Defendant appeared before Magistrate Judge Theresa L. Fricke at a hearing on September 25, 2018. The purpose of the hearing was to determine whether defendant should be detained until an evidentiary hearing on the government's allegation that defendant violated the terms of his supervised release and that release should be revoked. That hearing is scheduled for October 5, 2018, before District Judge Ronald B. Leighton. Dkt. 58.

The Court, having conducted a detention hearing under 18 U.S.C. § 3143(a), and based on the factual findings and statement of reasons set forth in this order, finds that defendant should be detained. Defendant has failed to show by clear and convincing evidence that he will not flee or pose a danger to any other person or the community pursuant to 18 U.S.C. § 3143(a)(1), CrR 32.1(a)(6), and CrR 46(c), (d). Accordingly, the Court has remanded defendant to custody pending the revocation hearing.

ORDER - 1

The record indicates that defendant has repeatedly broken the Court's trust in failing to comply with conditions of supervised release.

Defendant has not shown by clear and convincing evidence that he would not present a danger to others or the community. The Court is mindful that the record shows that defendant's wife, with whom he has been in a relationship since 2015, has a stabilizing presence in his life. The Court also takes note of the United States Probation Office's positive residence assessment. The Court is nonetheless concerned that defendant's release from prison directly to the new home would lack the structure and enhanced supervision a transitional living arrangement would provide. Moreover, the defendant's most recent arrest involved witness tampering, unlawful imprisonment, threats to kill, and extortion. The Court is not convinced that defendant does not present a danger to the safety of any other person or the community.

Defendant also has not shown by clear and convincing evidence that he would not present a risk of flight or nonappearance. The availability of defendant's wife's residence is again a factor in his favor. Defendant also points to his work as a personal trainer. However, defendant has never lived with his wife, and his job does not have a set schedule. Defendant was charged with escape; while this occurred over a decade ago, that charge together with defendant's repeated violations of conditions of supervision give the Court doubts about the likelihood defendant will willingly appear in the future. Defendant's showing is not clear and convincing.

1     It is therefore **ORDERED**: The defendant is detained pursuant to 18 U.S.C. § 3143(a).

2 He is to be delivered as ordered by the Court for further proceedings.

3     Dated this 25th day of September, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3